E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
ANDREW M. ROACH (Cal. Bar No. 293375)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0306
    Facsimile: (213) 894-2927
    E-mail:   andrew.roach@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:22-CR-00593-PA |
|---|---|
| Plaintiff, | GOVERNMENT'S **UNOPPOSED** EX PARTE APPLICATION FOR ORDER PERMITTING VICTIMS TO ATTEND SENTENCING OF DEFENDANT ANTHONY DAVID FLORES VIA VIDEOCONFERENCE OR ZOOM |
| v. | |
| ANTHONY DAVID FLORES, aka "Anton David," and ANNA RENE MOORE, | Hearing Date: June 17, 2024<br>Hearing Time: 1:30 p.m.<br>Location:   Courtroom of the Hon. Percy Anderson |
| Defendants. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Andrew M. Roach, hereby applies ex parte for an order permitting the victims to attend the sentencing of defendant Anthony David Flores via videoconference or Zoom. Defendant Anthony David Flores, through his counsel, does not oppose this ex parte application.

//

//

//

1

This ex parte application is based upon the attached memorandum of points and authorities and declaration of Andrew M. Roach.

Dated: June 11, 2024               Respectfully submitted,

                                   E. MARTIN ESTRADA
                                   United States Attorney

                                   CAMERON L. SCHROEDER
                                   Assistant United States Attorney
                                   Chief, National Security Division


                                     /s/ Andrew M. Roach
                                   ANDREW M. ROACH
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The government respectfully requests that the Court issue an order permitting the deceased victim's family members, his elderly mother and sister, to attend the sentencing of defendant Anthony David Flores, set for June 17, 2024, at 1:30 p.m., via videoconference or Zoom. The victim's mother is in her early 90s, resides in Florida (along with the victim's sister), and is unable to travel to sentencing.

This Court should permit the victim's family members to participate in the defendant's sentencing hearing remotely. Under the Crime Victims' Rights Act ("CVRA"), a crime victim has "[t]he right not to be excluded from any such public court proceeding . . ." 18 U.S.C. § 3771(a)(3); see also Fed. R. Crim. P. 60(a)(3).[1] In this regard, the CVRA prescribes that district courts "shall make every effort to permit the fullest attendance possible by the victim and shall consider reasonable alternatives to the exclusion of the victim from the criminal court proceeding." 18 U.S.C. § 3771(b)(1). Such reasonable alternatives to physical attendance include attendance by telephone, video teleconference, or web-based video conferencing platforms like Zoom.

**II.   ARGUMENT**

The victim's family has the right to attend sentencing via videoconference pursuant to their rights under the CVRA, 18 U.S.C. § 3771. The victim's surviving family members are afforded the same

---

[1] Because the CVRA defines and makes no distinction between a "crime victim" and the family members of a deceased victim, such as that here, the government refers to the victim's family members as victims throughout.

1

rights as the deceased victim here under the CVRA.  18 U.S.C. § 3771(e)(2)(B) ("In the case of a crime victim who is . . . deceased . . . representatives of the crime victim's estate [or] family members, may assume the crime victim's rights . . .").

Among other rights, the CVRA provides victims the right "not to be excluded from any such public court proceeding" and the "right to be reasonably heard at any public proceeding in the district court involving . . . sentencing."  18 U.S.C. § 3771(a)(3), (4).  The Act further provides that "[i]n any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in subsection (a)(3)" and the court "shall make every effort to permit the fullest attendance possible by the victim and shall consider reasonable alternatives to the exclusion of the victim from the criminal court proceeding." 18 U.S.C. § 3771(b)(1).  In addition, under Rule 32 of the Rules of Criminal Procedure, a court is required to "address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard."  Rule 32(i)(4)(B); see also Rule 60(a)(3).

Recognizing the importance of the victims' rights to reasonably view and participate in all meaningful aspects of the case, including sentencing, courts in this District have routinely permitted the reasonable alternative of videoconferencing as opposed to personal attendance, and allowed victims to participate in sentencings via Zoom.  See, e.g., United States v. Boylan, Case No. 2:22-CR-00482-GW and United States v. Gustavo Jaciel Solis, et al., Case No. 2:20-CR-00346(A)-DMG.[2]  Courts in other districts have also permitted victims

---

[2] The U.S. Attorney's Office is aware that the courts permitted the victims to view the sentencing via Zoom in these matters.

2

to appear by video.  See also United States v. Parcells, 2022 WL 4079027 (D. Kan. Sept. 6, 2022) (granting victims' request to appear at sentencing via Zoom when most resided outside Kansas).

Rule 53 of the Federal Rules of Criminal Procedure does not bar the victims' participation by Zoom.  As an initial matter, Rule 53 does not prohibit all videoconferences or teleconferences in general.  It only prohibits "broadcasting" of proceedings, which involves the widespread public dissemination of proceedings.  "Rule 53, on its face, bars 'the broadcasting of judicial proceedings,' Fed. R. Crim. P. 53 (emphasis added), which clearly entails 'public' distribution to make something 'widely known.'"  United States v. Sealed Defendant One, 49 F.4th 690, 699 (2d Cir. 2022) (citing Broadcast, Merriam-Webster, https://www.merriam-webster.com/dictionary/broadcast) (emphases in original).  The limited use of video conferencing for limited purposes and limited participants does not meet Rule 53's definition of broadcasting because it does not include widespread public dissemination.  Id., 49 F.4th at 699 (holding a sealed sentencing via Skype and confirming no unauthorized person was on the call was not a "broadcast" and fell outside the scope of Rule 53).

As a result, the victims' limited participation via Zoom here does not constitute prohibited "broadcasting" of the proceedings under Rule 53.  The Court can permit them -- and only them -- to appear via Zoom to ensure there is no widespread public dissemination.  Rule 53 is not implicated under these circumstances. Indeed, to hold otherwise would suggest that a court could never utilize videoconference which courts routinely do for trials and other matters when extenuating circumstances necessitate it.

3

Moreover, even if Rule 53 does apply to this limited use of Zoom for sentencing, the plain text of the rule recognizes that there are many exceptions to the general prohibition: "<u>Except as otherwise provided by a statute or these rules</u>, the court must not permit the taking of photographs in the courtroom during judicial proceedings or the broadcasting of judicial proceedings from the courtroom." Fed. R. Crim. Proc. 53 (emphasis added). An exception for crime victims' rights was seemingly contemplated by the 2002 Amendments to Rule 53, as reflected in the Advisory Committee's notes. "[A]lthough the revised rule does not explicitly recognize exceptions within the rules themselves, the restyled rule recognizes that other rules might permit, for example, video teleconferencing, which clearly involves 'broadcasting' the proceedings, even if only for limited purposes." <u>See</u> Rule 53, Advisory Committee's Note to 2002 Amendment.

Indeed, pursuant to policy established by the Judicial Conference of the United States Courts, a court is permitted to have limited broadcasts during multiple situations, all of which demonstrate that Rule 53 is not a blanket prohibition:

> § 420. A Judge may authorize broadcasting, televising, recording, or taking photographs in the courtroom and in adjacent areas during investitive, naturalization, or other ceremonial proceedings. A judge may authorize such activities in the courtroom or adjacent areas during other proceedings, or recesses between such other proceedings, only:
>
> (a) for the presentation of evidence;
>
> (b) for the perpetuation of the record of the proceedings;
>
> (c) for security purposes;
>
> (d) for other purposes of judicial administration; or
>
> (e) in accordance with pilot programs approved by the Judicial Conference of the United States.

4

> When broadcasting, televising, recording, or photographing in the courtroom or adjacent areas is permitted, a judge should ensure that it is done in a manner that will:
>
> **(1) be consistent with the rights of the parties**,
>
> (2) not unduly distract participants in the proceeding, and
>
> (3) not otherwise interfere with the administration of justice.

See United States Courts, History of Cameras in Courts at https://www.uscourts.gov/sites/default/files/guide-vol10-ch04.pdf (last visited June 11, 2024) (emphasis added).

Other statutes and provisions of the Judicial Policy provide for closed-circuit television coverage for victims during trials, which again implicitly recognizes other exceptions to Rule 53. See also 34 U.S.C. § 20142; § 440 of Guide to Judiciary Policy ("closed-circuit television coverage of criminal trials is required for victims of crime when the venue of the trial when (1) is moved out of state and (2) is more than 350 miles from the place where the prosecution would have originally taken place").

Accordingly, Rule 53 does not bar the victims' request here or trump their CVRA rights to meaningfully participate. The CVRA bestows a right on a victim to not be excluded from any public court proceeding and directs courts to make every effort to permit the fullest attendance possible by victims. Here, the victim's elderly mother resides in Florida, along with the victim's sister, and cannot travel due to her age. Given that current technological capabilities can accommodate an individual's remote participation via video teleconference or Zoom, even while other participants are in person in the courtroom, the government submits that the CVRA and the Federal Rules of Criminal Procedure, in tandem, not only allow for

5

but advise this Court to permit the remote participation the victims at sentencing.

### III. CONCLUSION

Accordingly, for these reasons, the government requests that the victims -— and only the victims -— be permitted to view sentencing via Zoom pursuant to their rights under the CVRA.

**DECLARATION OF ANDREW M. ROACH**

I, Andrew M. Roach, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in this case.

2. On June 11, 2024, I communicated with defendant Anthony David Flores's attorney, Ambrosio E. Rodriguez, regarding this ex parte application request. Defense counsel does not oppose the ex parte application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on June 11, 2024.

ANDREW M. ROACH